NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODOLFO CENTENO-HEREDIA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 15-71517 <br><br> Agency No. A078-102-748 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Rodolfo Centeno-Heredia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying his application for withholding of removal and protection under the Convention Against Torture ("CAT").[1]

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Centeno-Heredia's testimony and documentary evidence regarding when he purportedly served as a police officer in Mexico. *See id.* at 1044 (adverse credibility finding must be based on the totality of the circumstances). Centeno-Heredia's explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). Additionally, Centeno-Heredia omitted from his asylum application an alleged shooting and his cousin's disappearance. *See id.* at 973-74 (upholding adverse credibility determination based in part on omissions which "went to the core of [the petitioner's] fear"). In the absence of credible testimony, Centeno-Heredia's withholding of removal claim fails. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

---

[1] Centeno-Heredia does not challenge the agency's determinations that his asylum application was time-barred and that he failed to establish the requisite continuous physical presence for cancellation of removal.

Even assuming credibility, substantial evidence supports the agency's conclusion that Centeno-Heredia failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the agency's denial of CAT protection because Centeno-Heredia failed to show he would more likely than not be tortured by or with the consent or acquiescence of the government if returned to Mexico. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**